Djonny LUMENTUT, Petitioner,

v.

Alberto R. GONZALES, Attorney General of the United States, Respondent.

No. 05–1938–ag.

United States Court of Appeals, Second Circuit.

May 31, 2006.

Ronald S. Salomon, New York, for Petitioner.

David C. Iglesia, United States Attorney for the District of New Mexico, David N. Williams, Assistant United States Attorney, Albuquerque, New Mexico, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Djonny Lumentut, through counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Brigitte LaForest denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

█ Insofar as Lumentut seeks review of the denial of his asylum claim, this Court lacks jurisdiction pursuant to 8 U.S.C. § 1158(a)(2)(B) and (3), since these provisions require that an alien file his application for asylum within one year of entry into the United States and that "[n]o court shall have jurisdiction to review any determination of the Attorney General" if application is untimely. Although this Court retains jurisdiction to review constitutional claims and "questions of law" pursuant to 8 U.S.C. § 1252(a)(2)(D), Lumentut challenges only purely factual determinations, which this Court lacks jurisdiction to review.

█ Lumentut's claim for withholding of removal fails on the merits because substantial evidence supports the IJ's finding that petitioner has not demonstrated a clear probability of persecution. Specifically, Lumentut testified that his mother who still resides in Indonesia, and continually practices Christianity, has not been harmed due to her faith. Additionally, Lumentut stated that he left Indonesia not because of religious persecution but because he wanted to see "how life [was]" in the United States, and learn English. Furthermore, Lumentut ultimately decided to stay in the United States because he witnessed Indonesia's economy declining, not because of a rise in religious persecution. Finally, Lumentut voluntarily left his employment at the Indonesian bank also for financial reasons—he feared that the bank was falling into bankruptcy. Accordingly, based on the facts and circumstances of this case, the IJ reasonably concluded that Lumentut had failed to show that he has demonstrated past persecution or that he will likely be persecuted on account of any of the enumerated grounds if he is returned to Indonesia.

Furthermore, Lumentut has waived any challenge to the agency's denial of CAT relief by failing to address this issue in his brief before this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).